## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAY SALAZAR, | § | |
|     Petitioner | § | |
| | § | |
| VS. | § | C.A. NO. C-10-74 |
| | § | |
| RICK THALER, Director, TDCJ-CID, | § | |
|     Respondent | § | |

## MEMORANDUM AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DENY PETITIONER'S MOTION FOR SANCTIONS

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit in Beeville, Texas.  Proceeding *pro se* and *in forma pauperis,* petitioner filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 8, 2010, challenging the results and punishment imposed in a disciplinary proceeding (D.E. 1).  Petitioner made the following due process claims in reference to a disciplinary hearing held at the McConnell Unit which resulted in the imposition of punishment:  (1) Petitioner's pre-hearing placement in solitary confinement amounted to punishment before he was convicted of the disciplinary offense; (2) there was an inappropriate delay in the time between the charging of petitioner and his hearing and punishment; and  (3) there was insufficient evidence to uphold the conviction.  Respondent filed a motion for summary judgment on May 20, 2010 (D.E. 14) to which petitioner timely responded (D.E. 16).  Also pending is petitioner's motion for imposition of sanctions pursuant to Fed. R. Civ. P. 11 (D.E. 17).

## JURISDICTION

Jurisdiction is proper in the Southern District of Texas because at the time petitioner filed this action, he was incarcerated in Bee County, Texas (D.E. 1). 28 U.S.C. 2241(d); <u>Wadsworth v. Johnson</u>, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving a twenty-year sentence for burglary of a habitation with intent to commit assault (D.E. 14). He challenges the results of a disciplinary hearing. In disciplinary case number 20100004439 petitioner was accused and found guilty of attempting to assault an officer by attempting to spit on him (D.E. 1 at 2; D.E. 14, Disciplinary Hearing Record (DHR) at 2). Petitioner's punishment included loss of 40 days of recreation time, loss of 40 days of commissary privileges, and a reduction in his line class from S3 to L1 (DHR at 2). Petitioner did not lose any earned good conduct credits (*Id.*).

## APPLICABLE LAW

### A.    Due Process Rights

Petitioner claims his due process rights were violated because of pre-hearing placement in solitary confinement, pre-hearing delay, and insufficient evidence. Petitioner claimed he was not attempting to spit on the officer–he merely was attempting to spit and he was not guilty of the disciplinary offense charged.

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States. In <u>Sandin v.</u>

Conner, 515 U.S. 472, 483-484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995), the U.S. Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974)] and [Meachum v. Fano, 427 U.S. 215, 96  S.Ct. 2532 (1976)].  Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. (internal citations omitted).  The Supreme Court held in Sandin that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."  Sandin, 515 U.S. at 486, 115 S.Ct. at 2301.  The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody.  Id. In petitioner's case, the punishment imposed did not trigger the Due Process protections of the Constitution.

**1.     Line Class**

To the extent petitioner is complaining about a reduction in line class, he fails to state a basis of relief.  Generally a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on his eligibility for parole

3

and in turn, on the amount of time he is in custody.  Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192 (5th Cir. 1995)(citing Meachum v. Fano, 427 U.S. 215, 229, n. 8, 96 S.Ct. 2532, 2540, n. 8, 49 L.Ed.2d 451 (1976)), cert. denied sub nom. Luken v. Johnson, 116 S.Ct. 1690 (1996).  "'Prisoners have no protectable property or liberty interest in custodial classifications.'" Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(citing Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998)).  See also Malchi v. Thaler, 211 F.3d 959 (5th Cir. 2000) (holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, which right the Texas legislature has specifically denied creating).  Accordingly, petitioner has failed to state a constitutional claim based on his reduction in line class.

## 2.    Loss of privileges

Petitioner also lost commissary and recreation privileges for 40 days.  Loss of privileges does not implicate due process concerns.  Malchi v. Thaler, 211 F.3d at 958.

## B.    Petitioner's motion for sanctions.

Petitioner has also moved for imposition of sanctions pursuant to Fed. R. Civ. P. 11 (D.E. 17).  Petitioner states that respondent made a false and misleading claim that petitioner lost no good time as a result of the disciplinary case.  In fact it was petitioner who erroneously stated in his petition that he lost earned good time as a result of the disciplinary case.  Petitioner, when he was reduced in line class, lost only the *ability* to earn good time credit–he did not lose any already *earned* good time credit.  As set forth in

the previous section, petitioner has no liberty interest in his line class, even if a reduction in line class affects his ability to earn good time credits.  Respondent did not misrepresent the law, and petitioner's motion has no merit.

**C.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  In this case summary judgment in favor of respondent is

appropriate because petitioner did not allege violation of any constitutionally protected right.  The law is well settled in this area.  Reasonable jurists would not find it debatable that the petition in this case should be dismissed.

### CONCLUSION

It is respectfully recommended that respondent's motion for summary judgment (D.E. 14) be granted and the petition dismissed with prejudice.  In addition, petitioner's motion for sanctions (D.E. 17) should be denied.  It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 20th day of July, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Serv's Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).